UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SANDRA A. WALTERS,

                Plaintiff,

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

**DECISION AND ORDER**

11-CV-640 (VEB)

---

## I. INTRODUCTION

In April of 2007, Plaintiff Sandra A. Walters applied for supplemental security income ("SSI") benefits and disability insurance benefits ("DIB") under the Social Security Act. Plaintiff alleges that she has been unable to work since April of 2005 due to physical impairments. The Commissioner of Social Security denied Plaintiff's applications.

Plaintiff, by and through her attorneys, Olinsky Law Group, Karen S. Southwick, Esq., of counsel, bring this action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties, by and through their respective counsel, consented to the jurisdiction of a United States Magistrate Judge on February 10, 2012. (Docket No. 15).

## II. BACKGROUND

The relevant procedural history may be summarized as follows:

On April 24, 2007, and April 26, 2007, Plaintiff applied for SSI benefits and DIB, alleging that she had been unable to work since April 15, 2005. (T at 84-85, 93, 106, 514).[1] The applications were denied initially and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held in Syracuse, New York, on December 23, 2009, before ALJ Robert E. Gale. Plaintiff appeared with her attorney and testified. (T at 10).

On March 26, 2010, ALJ Gale issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period and denying Plaintiff's claims for benefits. (T at 7-18). The ALJ's decision became the Commissioner's final decision on April 8, 2011, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

Plaintiff, by and through her attorneys, timely commenced this action by filing a Complaint on June 8, 2011. (Docket No. 1). The Commissioner interposed an Answer on November 30, 2011. (Docket No. 8). The parties, through their respective attorneys of record, consented to the jurisdiction of a United States Magistrate Judge on February 10, 2012. (Docket No. 16). Plaintiff filed a Brief on March 2, 2012. (Docket No. 16). The Commissioner filed a Brief on May 16, 2012. (Docket No. 20).

Plaintiff requests that this case be remanded for the calculation of benefits. The Commissioner agrees that a remand is warranted, but argues that the remand should be

---

[1]Citations to "T" refer to the Administrative Transcript. (Docket No. 9).

for the purpose of rehearing and reconsideration of certain issues (as opposed to the calculation of benefits).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[2]

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is remanded for further administrative proceedings.

### III. DISCUSSION

**A.  Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and

---

[2]General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[3]

---

[3]This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

**B.    Analysis**

　　**1.    Commissioner's Decision**

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010, and had not engaged in substantial gainful activity since April 15, 2005, the alleged onset date. (T at 12).

The ALJ found that Plaintiff had the following impairments considered "severe" under

---

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

the applicable Social Security Regulations (the "Regulations"): tarsal tunnel syndrome and lumbar radiculopathy. (T at 12). However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or equal one of the impairments listed in Appendix I of the Regulations (the "Listings"). (T at 13).

After reviewing the medical evidence, the ALJ concluded that Plaintiff retained the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567 (a) and 416.967 (a), except that she was limited to occasional bending. (T at 13-17). The ALJ found that Plaintiff could perform her past relevant work as a clerk, as that job did not require the performance of work-related duties precluded by Plaintiff's residual functional capacity. (T at 17).

Accordingly, the ALJ determined that Plaintiff had not been under a "disability," as that term is defined under the Act, from the alleged onset date (April 15, 2005) through the date of the ALJ's decision (March 26, 2010), and was therefore not entitled to benefits. (T at 18). As noted above, the ALJ's decision became the Commissioner's final decision on April 8, 2011, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**2. Remand**

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).

In the Second Circuit a remand for the sole purpose of calculating benefits is the appropriate remedy if "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." Parker v. Harris, 626 F.2d 225, 235 (2d Cir.1980); see also Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir.2004)(remand for calculation of benefits warranted where there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision....")(quoting Rosa v. Callahan, 168 F.3d 72, 83 (2d Cir.1999)); Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) (remand for calculation of benefits appropriate where record "compel[s] but one conclusion under the ... substantial evidence standard.").

### a. ALJ's Failure to Provide Function-by-Function Assessment

The Commissioner acknowledges that the ALJ's decision was deficient and concedes that a remand is necessary (Docket No. 20, at p. 2). In particular, as the Commissioner recognizes, the ALJ erred by failing to provide a function-by-function assessment of the Plaintiff's residual functional capacity ("RFC").

Pursuant to the Social Security Regulations, an ALJ's assessment of the claimant's RFC must include a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis. With regard to physical limitations, this means the ALJ must make a function by function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch. 20 C.F.R. § 404.1513(c)(1); §§ 404.1569a(a), 416.969a(a); Martone v. Apfel, 70 F. Supp.2d 145, 150 (N.D.N.Y.1999). Once the function-by-function analysis is completed, the RFC may be expressed in terms of exertional levels of work, *e.g.,* sedentary, light, medium, heavy, and very heavy. Hogan

7

v. Astrue, 491 F. Supp.2d 347, 354 (W.D.N.Y.2007).

The ALJ in this case did not provide a function-by-function analysis with regard to Plaintiff's physical RFC. Rather, he simply expressed the RFC in terms of an exertional level of work (*i.e.* sedentary work). (T at 13). The Second Circuit has not yet decided whether the failure to provide a function-by-function assessment of a claimant's RFC is *per se* grounds for a remand.

At least three circuit courts of appeal have concluded that a function-by-function analysis is desirable, but not an absolute requirement if the rationale for the ALJ's RFC assessment can be readily discerned. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."); Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir.2003) (an ALJ does not fail in his or her duty to assess a claimant's RFC on a function-by-function basis merely because the ALJ does not address all areas regardless of whether a limitation is found); Delgado v. Comm'r of Soc. Sec., 30 F. App'x 542, 547 (6th Cir.2002).[4]

District courts in the Second Circuit have reached conflicting conclusions. See, e.g., Wood v. Comm'r of Soc. Sec., No. 06-CV-157, 2009 WL 1362971, at *6 (N.D.N.Y. May 14, 2009)(collecting cases); McMullen v. Astrue, 05-CV-1484, 2008 WL 3884359, at *6 (N.D.N.Y. Aug. 18, 2008); Brown v. Barnhart, No. 01-CV-2962, 2002 WL 603044, at *5-7

---

[4]The Third Circuit and Seventh Circuit have reached similar conclusions, albeit in unpublished decisions. See Bencivengo v. Comm'r of Soc. Sec., 251 F.3d 153 (3d Cir.2000)) ("Although SSR 96–8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged."); Zatz v. Astrue, 346 F. App'x 107, 111 (7th Cir.2009) ("[A]n ALJ need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence.").

8

(E.D.N.Y. Apr.15, 2002)("In sum, because the ALJ did not properly apply the legal standard in Social Security Ruling 96-8p for assessing residual functional capacity, I cannot properly conclude that his finding that the claimant retained the residual functional capacity to do her past work was supported by substantial evidence."); Matejka v. Barnhart, 386 F.Supp.2d 198, 208 (W.D.N.Y.2005) ("The ALJ's decision did not address the plaintiff's ability to sit, stand, or walk ... Since the ALJ failed to make a function-by-function analysis of plaintiff's RFC, his determination that she had the RFC for sedentary work is not supported by substantial evidence."); but see Casino-Ortiz v. Astrue, 2007 WL 2745704, at *13 (S.D.N.Y. Sept. 21, 2007)(sustaining ALJ's decision, notwithstanding failure to provide function-by-function analysis); Novak v. Astrue, No. 07 Civ. 8435, 2008 WL 2882638, at *3 & n. 47 (S.D.N.Y. July 25, 2008)("The A.L.J. must avoid perfunctory determinations by considering all of the claimant's functional limitations, describing how the evidence supports her conclusions, and discussing the claimant's ability to maintain sustained work activity, but she need not provide a narrative discussion for each function."); but see Martin v. Astrue, No. 05-CV-72, 2008 WL 4186339, at *16 (N.D.N.Y. Sept. 9, 2008) (declining to remand, despite finding that the ALJ grouped the functions in his function-by-function analysis because "treating the activities separately would not have changed the result of the RFC determination").

This Court has concluded that, in limited circumstances, the ALJ's failure to provide a function-by-function analysis might constitute harmless error,[5] provided the absence of

---

[5] Several courts have recognized the general applicability of the harmless error rule to the review of disability denial claims. See, e.g., Duvergel v. Apfel, No. 99 Civ. 4614, 2000 WL 328593, at *11 (S.D.N.Y. Mar.29, 2002); Walzer v. Chater, 93 Civ. 6240, 1995 WL 791963 at *9 (S.D.N.Y. Sept.26, 1995).

9

the analysis does not frustrate meaningful review of the ALJ's overall RFC assessment See Goodale v. Astrue, No. 11-CV-821, 2012 WL 6519946, at *7 (N.D.N.Y. Dec. 13, 2012). However, with that said, this Court has also taken great care to emphasize that the function-by-function assessment is an important regulatory requirement (which, ultimately, is designed to ensure that careful consideration is given to any and all of the claimant's work-related limitations) that should not (and, indeed, may not) be lightly set aside or in any way treated casually. See Desmond v. Astrue, No. 11-CV-0818, 2012 WL 6648625, at *6 n. 8 (N.D.N.Y. Dec. 20, 2012).

In the present case, the ALJ's failure to provide a function-by-function assessment frustrates meaningful review and requires a remand. Social Security Ruling 96-9p provides, in pertinent part, as follows:

> The ability to perform the full range of sedentary work requires the ability to lift no more than 10 pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. "Occasionally" means occurring from very little up to one- third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday. Unskilled sedentary work also involves other activities, classified as "nonexertional," such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions.

Dr. Carrie Jones, Plaintiff's treating physician, opined that Plaintiff was "appropriate for a sedentary position and occasional 10 pounds lifting restriction." (T at 379, 417). However, Dr. Jones did not feel that Plaintiff could return to her "prior position." (T at 379).

Dr. John Cambareri, Plaintiff's treating orthopedic surgeon, indicated that Plaintiff could perform "light duty work" and was "temporarily disabled from her job." (T at 239). Dr. Martin Schaeffer, a treating physician, opined that Plaintiff was limited to "no weights

10

greater than 10-pounds and no repetitious type bending or lifting . . . ." (T at 476).

The ALJ afforded "great weight" to these opinions.[6] (T at 17). However, the ALJ appears not to have realized that the treating providers did not expressly indicate whether, for example, Plaintiff could sit for prolonged periods or engage in the occasional walking or standing necessary to perform sedentary work. Although Dr. Jones and Dr. Cambareri used generic descriptions related to Plaintiff's RFC ("sedentary" and "light duty" respectively), it is not clear how they defined those terms and there is no indication as to whether the doctors' definitions are co-extensive with the definitions found in the Social Security Regulations.

This is precisely the sort of gap the function-by-function requirement is designed to avoid. In other words, by requiring the ALJ to carefully consider each of the various functional limitations, the function-by-function requirement works to prevent the ALJ from making assumptions, reaching conclusions not supported by the evidence, or otherwise failing to recognize gaps in the medical record.

Dr. Myra Shayevitz, the consultative examiner, opined that "sitting in a prolonged manner is uncomfortable" for Plaintiff and "there may be limitations which are significant

---

[6]Under the "treating physician's rule," the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000).
Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. In this regard, the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6) other factors that are brought to the attention of the court. C.F.R. § 404.1527(d)(1)-(6); see also de Roman, 2003 WL 21511160, at *9; Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir.1998); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998).

11

in any prolonged sitting, standing, or walking." (T at 440). The ALJ discounted this assessment as inconsistent with the treating physicians' opinions. (T at 17). However, for the reasons outlined above, the treating physicians did not actually provide functional assessments concerning prolonged sitting, standing, or walking. The general references to "sedentary" or "light duty" work were not sufficient grounds upon which to discount other evidence, including the opinion of a consultative examiner, indicating limitations inconsistent with the requirements of sedentary work. Before discounting Dr. Shayevitz's opinion,[7] the ALJ should have re-contacted the treating physicians and requested clarification of their opinions concerning Plaintiff's functional limitations. After further development of the record in this regard, the ALJ should be sure to perform the function-by-function assessment required under the Regulations.

### b. Past Relevant Work

In addition, as the Commissioner acknowledges, the ALJ's past relevant work analysis was flawed. "[I]n the fourth stage of the SSI inquiry, the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." Jasinski v. Barnhart, 341 F.3d 182, 185 (2d Cir. 2003) (citing SSR 82-62). A claimant is not disabled if she can perform her past relevant work, either as she actually performed it, or as it is generally performed in the national economy. See SSR 82-61; Jock v. Harris, 651 F.2d 133, 135 (2d Cir.1981)(noting that "the claimant has the

---

[7]It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), and 416.927(f)(2); see also Leach ex. Rel. Murray v. Barnhart, No. 02 Civ. 3561, 2004 WL 99935, at 9 (S.D.N.Y. Jan.22, 2004) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.").

burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally").

"Determination of the claimant's ability to perform past relevant work requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy." Speruggia v. Astrue, No. 05-CV-3532, 2008 WL 818004, at *12-*13 (E.D.N.Y. Mar. 26, 2008).

In this case, the ALJ found that Plaintiff was capable of performing her past relevant work as a clerk. (T at 17). The ALJ's finding is supported by two sentences of text. In the first sentence offered in support of his find, the ALJ referenced the *Dictionary of Occupational Titles* ("DOT") and noted that the DOT identifies clerk positions at the sedentary level that begin with a specific vocational preparation ("SVP") score of 2.[8] In the second sentence, the ALJ summarily stated that a comparison of Plaintiff's RFC and "the physical and mental demands of this work" indicate that Plaintiff is able to perform the work as it is generally performed. (T at 17).

However, the DOT lists numerous different types of "clerk" with differing exertional and non-exertional demands (e.g. shipping and receiving clerk, stock clerk, administrative

---

[8] SVP "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job—worker situation. An SVP of 2 means anything beyond a short demonstration, up to and including one month." Reynolds v. Comm'r of Social Security, No. 11-CV-778, 2012 2050410, at *5 n. 2 (N.D.N.Y. June 6, 2012).

13

clerk, file clerk, production clerk, sales clerk, data entry clerk, railroad-maintenance clerk). The ALJ did not identify which of the clerk positions he considered and which of the positions had physical and mental demands consistent with Plaintiff's RFC. Moreover, Plaintiff provided a description of the work requirements of her past relevant work as a clerk (T at 118), but the ALJ's conclusory, two-sentence decision does not indicate whether he considered the exertional and nonexertional demands of Plaintiff's work as actually performed.

The ALJ's analysis at step four clearly did not satisfy the applicable standard, which requires "a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy." SSR 82-62. A remand for reconsideration and clarification on this point is therefore necessary.

### c.      Remand for Rehearing and Further Development of the Record

For the foregoing reasons, this Court has no hesitancy in granting the Commissioner's motion requesting remand. This Court finds that a remand for rehearing is appropriate, as opposed to a remand solely for the purpose of calculating benefits.

As noted above, courts should remand for development of the evidence (as opposed to solely for calculation and payment of benefits),"[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." Rosa v. Callahan

14

168 F.3d 72, 82–83 (2d Cir.1999) (quotation omitted); see also Williams v. Apfel, 204 F.3d 48, 50 (2d Cir.1999) (holding "a remand for further proceedings is the appropriate remedy when an erroneous step four determination has precluded any analysis under step five").

This Court finds that a remand for calculation of benefits, which is appropriate only where the record "compel[s] but one conclusion under the ... substantial evidence standard,"Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987), is not warranted here. It is possible that, upon further development of the record and reconsideration, the ALJ may conclude that Plaintiff is not disabled. Two of her treating physicians found her capable of performing some work (described in one instance as "sedentary" and in another as "light duty"). It may be the case that the treating physicians' definitions of those terms and assessments of Plaintiff's limitations do support a finding that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. As such, a remand for reconsideration (as opposed to calculation of benefits) is the appropriate remedy. See Rodriguez v. Astrue, No. 11-Civ-7720, 2012 WL 4477244, at *42 (S.D.N.Y. Sep't 28, 2012)("Depending on the nature of any additional evidence procured by the ALJ to fill gaps in the record and his supplemental findings, it is certainly possible that he may defensibly conclude that plaintiff is not disabled. Hence we recommended that the court order remand for reconsideration rather than calculation of benefits.").

## III. CONCLUSION

For the foregoing reasons, this case is remanded to the Commissioner for further administrative proceedings pursuant to sentence four of Section 405 (g).

## IV. ORDERS

It is hereby ORDERED that the Commissioner's motion for judgment on the pleadings, which requests a remand for rehearing and reconsideration, is GRANTED; and it is further

ORDERED, that Plaintiff's motion for judgment on the pleadings is DENIED to the extent it requests a remand solely for the calculation of benefits; and it is further;

ORDERED, that this case is remanded to the Commissioner of Social Security for further proceedings consistent with this Decision and Order; and it is further

ORDERED, that the Clerk of the Court shall enter judgment accordingly.

February 15, 2013

SO ORDERED.

_____
Victor E. Bianchini
United States Magistrate Judge